IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

      Plaintiff,                              No. CIV S-06-1418 MCE EFB PS

    vs.

WELLS FARGO BANK, N.A.,

      Defendant.                          FINDINGS AND RECOMMENDATIONS

_____/

        This case is properly before the undersigned pursuant to Local Rule 72-302(c)(21).  On June 26, 2006, plaintiff filed a complaint and motion to proceed *in forma pauperis*.  On July 26, 2006, Magistrate Judge Moulds ordered plaintiff to submit a completed affidavit in support of his request to proceed *in forma pauperis* along with a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.[1]  Pursuant to that order, the clerk served plaintiff with new forms for proceeding *in forma pauperis*.  That order warned plaintiff that failure to comply with the order would result in a recommendation that the this action be dismissed without prejudice.

////

---

[1] By order issued on August 25, 2006, this case was reassigned to the undersigned.

1

1         Plaintiff has since filed with the court several documents, which assert that he has
2   experienced problems complying with the July 26, 2006 order.  In a document filed August 1,
3   2006, plaintiff claims that the Prison Trust Account Office refused to provide him with a
4   certified copy of his trust account.  On August 30, 2006, plaintiff filed copies of statements
5   relating to his trust account with unintelligible notes scribbled in the margins.  On September 13,
6   2006, plaintiff filed a document asking the court to order the Prison Trust Account Office to
7   provide him with a certified copy of his trust account and to grant him an extension of time to
8   comply with the court order from July 26, 2006 because plaintiff has been on "lock-down
9   status."

10        The essence of plaintiff's complaint concerns allegations that Wells Fargo Bank
11  violated plaintiff's civil rights by mishandling of his bank account.  The complaint provides no
12  basis for jurisdiction other than 42 U.S.C. § 1983, yet contains no allegations to support a basis
13  for meeting the "color of state law" prerequisite for suit under that statute.  Accordingly, as
14  explained below, this action may not proceed as plead

15        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any
16  time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious,
17  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune
18  defendant.

19        A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams*,
20  490 U.S. 319, 325 (1989);  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984);
21  *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).  A complaint, or portion thereof, fails to
22  state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to
23  relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,
24  45-46 (1957));  *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.
25  1981).  In reviewing a complaint under this standard, the court must accept as true its allegations,
26  *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe it in the light most

favorable to plaintiff, and resolve all doubts in plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Although pro se pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court recommends that this action be dismissed as frivolous.

In the complaint, plaintiff alleges that defendant Wells Fargo Bank has violated plaintiff's civil rights by "mishandling . . . his civil service checks." In order to state a claim for violation of civil rights under 42 U.S.C. § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Wells Fargo is a private actor. It did not act under color of state law when it allegedly mishandled plaintiff's bank account. No allegations in the complaint support a contrary construction of plaintiff's claim.

Plaintiff has failed to establish that this court has jurisdiction over his claims. A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

1  Plaintiff has not invoked any federal right or claim, nor has he plead diversity or
2 any other facts to show that this court has subject matter jurisdiction over his claims against
3 defendant.  Thus, the court finds that no subject matter jurisdiction exists over plaintiff's claims.
4  Accordingly, the undersigned RECOMMENDS that this action be dismissed
5 without prejudice.
6  These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
8 after being served with these findings and recommendations, plaintiff may file written objections
9 with the court.  Such a document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Failure to file objections within the specified time may waive
11 the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.
12 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
13 DATED: September 26, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE