IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,                         No. 2:06-cv-1418-MCE-EFB-PS

    Plaintiff,

    v.                                       ORDER

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

    Plaintiff, a state prisoner proceeding in *propria persona*, filed the above-captioned action seeking relief pursuant to 42 U.S.C. § 1983 against defendant Wells Fargo Bank, a private actor. Judgment was entered on November 17, 2006, and the action was dismissed without prejudice. On December 1, 2006, plaintiff filed a notice of appeal, and on December 4, 2006, plaintiff filed a "request for waiver of court fees and trial transcripts and the trial court clerk's record." The court construes plaintiff's request as a motion to proceed on appeal *in forma pauperis*. Plaintiff sought, but was never granted such status in the underlying action.[1]

---

[1] Plaintiff's original application to proceed *in forma pauperis* was denied as incomplete. The court granted him leave to file a completed application, which he failed to do. Based on his failure to file a completed application and because the court found his claims frivolous, the action

1

The Federal Rules of Appellate Procedure provide as follows:

> [A] party . . .who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and cots; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Construing plaintiff's December 4, 2006, request as a motion to proceed on appeal *in forma pauperis*, the court finds that it fails to comply with the requirements of Fed. R. App. P. 24(a)(1). Specifically, plaintiff has not provided the required affidavit, nor otherwise sufficiently shown his inability to pay or to give security for fees and costs. Fed. R. App. P. 24(a)(1)(A). Furthermore, plaintiff has not claimed an entitlement to redress nor stated the issues that he intends to present on appeal. Fed. R. App. P. 24(a)(1)(B) and (C).

Moreover, the court has reviewed the record herein, and finds that plaintiff's appeal is not taken in good faith. Good faith is established by the presentation of any issue on appeal that is not plainly "frivolous." *Farley v. United States*, 354 U.S. 521, 522-23 (1957); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977). An action is "frivolous" for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). A suit lacks an arguable basis in law. if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted). The court has previously found plaintiff's claims to be frivolous. Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* on appeal is denied.

Finally, the court notes that in the request filed December 4, 2006, plaintiff asks the court

---

was dismissed.

1  to send him copies of "the court transcripts (if any) and the trial court clerk's record." To the
2  extent that plaintiff is requesting copies of court documents, plaintiff is advised that the court
3  does not provide copies for any party. The court will, however, order the clerk to mail a copy of
4  the docket to plaintiff together with a copy of this order. All other requests for copies of
5  documents are denied.
6        In accordance with the foregoing, IT IS HEREBY ORDERED that:
7            1. Plaintiff's request to proceed on appeal *in forma pauperis* is denied;
8            2. The Clerk shall immediately notify the Court of Appeals of this court's denial
9  of plaintiff's motion to proceed on appeal *in forma pauperis* pursuant to Fed. R. App. P.
10 24(a)(4)(A); and,
11           3. The Clerk shall mail plaintiff a copy of the docket in the above-captioned case
12 together with a copy of this order; all other requests for documents and copies of documents are
13 denied.
14 DATED: December 18, 2006

                                           _____
                                           MORRISON C. ENGLAND, JR
                                           UNITED STATES DISTRICT JUDGE